IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

ERIC D. WILLIAMS                                                                                           PLAINTIFF

v.                                        3:20-cv-00043-DPM-JJV

STEVE FRANKS, *et al*.                                                                            DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to Chief United States District Judge D.P. Marshall Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. Your objections must be received in the office of the United States District Court Clerk no later than fourteen days from the date of the findings and recommendations. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

Mail your objections to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

**DISPOSITION**

**I.     INTRODUCTION**

Eric D. Williams ("Plaintiff"), currently an inmate at the West Tennessee Detention Center, sued multiple Greene County, Arkansas, officials alleging numerous violations of his

rights that took place while he was incarcerated in the Greene County Detention Center. (Doc. No. 2.) Some of Plaintiff's claims were dismissed on screening; Plaintiff's deliberate indifference to medical needs claims against Greene County Sheriff Steve Franks and Nurse Terrin Huggins remain pending. (Doc. Nos. 2, 4, 6.) Plaintiff claimed Defendant Huggins, pursuant to Greene County policy, denied him medical care because he could not pay for it. (Doc. No. 2).

Defendant Huggins has now filed a Motion for Partial Summary Judgment (Doc. Nos. 44-46), as has Defendant Franks (Doc. Nos. 47-49). Plaintiff has not responded to either Motion and this matter is ripe for a decision. After careful consideration, and for the reasons set out below, I recommend each Defendant's Motion be granted and Plaintiff's claims be dismissed with prejudice.

## II.  STANDARD

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of materials in the record, "including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials[.]" Fed. R. Civ. P. 56(c)(1)(A).

When ruling on a motion for summary judgment, the court must view the evidence in a light most favorable to the nonmoving party. *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th Cir. 2002). The nonmoving party may not rely on allegations or denials, but must demonstrate the existence of specific facts that create a genuine issue for trial. *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007). The nonmoving party's allegations must be supported by

sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy. *Id.* (citations omitted). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case. *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012). Disputes that are not genuine or that are about facts that are not material will not preclude summary judgment. *Sitzes v. City of West Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010).

### III.   ANALYSIS

At the time of the events giving rise to this case, Plaintiff was in the custody of the U.S. Marshals Service. (Doc. No. 2 at 6.) He was moved from the Pulaski County Detention Center to the Greene County Detention Center in October 2019. (*Id*. at 5.) Plaintiff alleged he was never informed that the Greene County Detention Center "charges for medications, sick call, or doctor call visits," though he later learned that was Greene County's policy. (*Id*. at 5-6.) According to Plaintiff, the Greene County Inmate Handbook provides: "Federal inmates are subject to medical costs following initial 30 days of incarceration." (*Id*. at 6.) Plaintiff maintains he was charged for medical care before the 30 days expired. Upon learning of Greene County's policy just days after arriving at the Detention Center, Plaintiff cancelled all his medications because he could not afford medical care or his prescriptions. (*Id*.)

Prison officials are under a constitutional duty to provide medical care to prisoners. *See Allard v. Baldwin*, 779 F.3d 768, 771 (8th Cir. 2015) (internal citation omitted). An inmate may be required to pay for medical expenses when he can afford it. *Roberson v. Bradshaw*, 198 F.3d 645, 647 (8th Cir. 1999). Here, however, Plaintiff alleged he cannot afford it. (Doc. No. 2.)

3

Denial of Plaintiff's medical care falls under the Eighth Amendment's deliberate indifference standard. *See Roberts v. Kopel*, 917 F.3d 1039, 1042 (8th Cir. 2019).

I note at the outset that Plaintiff has not filed a response to either Defendant's Motion. He has not controverted any material fact set forth by Defendants in their statements of undisputed material facts. Accordingly, all material facts submitted by Defendants (Doc. Nos. 46, 49) are deemed admitted. Local Rule 56.1(c) of the Eastern and Western Districts of Arkansas; FED. R. CIV. P. 56(e).

While Plaintiff claims he was denied treatment because he could not afford it, Defendant Huggins has come forward with evidence establishing otherwise. (Doc. No. 44-1.) Upon arrival at the Greene County Detention Center, Defendant Huggins performed an initial check-up on Plaintiff. (Doc. No. 46 at 1; Doc. No. 44-2 at 2.) Based on medical records from the Pulaski County Detention Center, Plaintiff was prescribed medication for his anxiety/depression, pain, and blood pressure (Doc. No. 46 at 1; Doc. No. 44-2 at 1). According to Plaintiff's medical records, although he was prescribed medication he refused to take it. (Doc. No. 46 at 2; Doc. No. 44-2 at 11-18). The waiver of treatment forms submitted as evidence by Defendant Huggins reveal Plaintiff's reason for the refusal as: "I don't take meds" and "I don't take chronic care medications." (Doc. No. 44-2 at 14, 15, 16, and 18). Plaintiff was warned of the dangers of refusing medication, but nonetheless chose not to take his medicine. (Doc. No. 46 at 2; Doc. No. 44-2 at 16).

Defendant Franks, in support of his Motion, explains that "[n]o one in the Sheriff's Office, including the Sheriff, makes any decision as to whether or not to provide a particular mediation, diagnostic testing, or medical treatment based on the cost . . . ." (Doc. No. 49-1 at 2.) Further, Defendant Franks was not involved with Plaintiff's medical treatment, as the Greene County

4

Detention Center contracts with Turn Key Health Clinics, LLC to provide medical care to all inmates. (*Id.* at 1-2.) Grievances filed by Plaintiff reflect he was unhappy that he was charged for medical care and unhappy that payment for medical care was taken out of his prisoner account. (Doc. No. 49-3 at 3, 9, 15, for example). But that is not the same as being denied medical care because he had no money with which to pay for it.

Considering the evidence and facts not in dispute, Plaintiff has not established that he was denied medical care because he could not afford it. Where, as here, Defendants have moved for summary judgment, Plaintiff "was required 'to discard the shielding cloak of formal allegations and meet proof with proof by showing a genuine issue as to a material fact.'" *Fatemi v. White*, 775 F.3d 1022, 1046 (8th Cir. 2015) (internal citation omitted). Because Plaintiff has not come forward with proof that he was, in fact, denied medical care because he could not afford it, summary judgment in each Defendant's favor is appropriate.

## IV.  CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. Defendant Huggins's Motion for Partial Summary Judgment (Doc. No. 44) be GRANTED.

2. Defendant Franks's Motion for Partial Summary Judgment (Doc. No. 47) be GRANTED.

3. Plaintiff's claims against Defendants Huggins and Franks be DISMISSED with prejudice.

4. Plaintiff's Complaint (Doc. No. 2) be DISMISSED.

5. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Order would not be taken in good faith.

DATED this 23rd day of December 2020.

                                                            _____
                                                            JOE J. VOLPE
                                                            UNITED STATES MAGISTRSTE JUDGE